UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUGELY FLORES, proposed administratrix of the Estate of the Infant, M.F., deceased, SUGELY FLORES Individually, YVELISE BELTRE, proposed administratrix of the Estate of the Infant, I.M., deceased, OSCAR MORONTA and YVELISE BELTRE individually,

                    Plaintiffs,

v.

THE CITY OF NEW YORK and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,

                    Defendants.

No. 21-CV-5861 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    The parties have requested that the Court seal its opinion and order approving settlement because they had agreed that the settlement would remain confidential. The Second Circuit, however, has instructed that a common law presumption of access attaches to "judicial documents," which includes those materials "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Parties' agreement that materials should remain confidential is not, in itself, sufficient to justify sealing. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[C]ourts in this district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial documents."). Where, as here, parties have submitted a settlement for the Court's approval, the terms of such agreement are generally "subject to the presumption of access." *Farris v. Avon Prods.*, No. 23-CV-02023 (LAK) (SN), 2024 WL 4441811, at *2 (S.D.N.Y. Oct. 7, 2024) (denying motion to seal information bearing on the court's approval of settlement in wrongful death

action); *see also Wyatt v. Kozlowski*, No. 19-CV-00159 (EAW), 2025 WL 1298083, at *2 (W.D.N.Y. May 6, 2025) ("That the parties settled the case [in this wrongful death action] relying on the settlement remaining confidential does not alone justify granting the motion to seal.").

No later than August 19, 2025, the parties shall publicly file a letter justifying its requests to seal or redact Plaintiffs' motion for settlement, as well as the Court's decision approving it, as set forth in Rule 5(A) of this Court's Individual Rules & Practices in Civil Cases. *See Lugosch*, 435 F.3d at 124 (holding that "sealing of . . . documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and . . . narrowly tailored to achieve that aim"). Until the Court rules on the parties' request, the Court's decision of August 12, 2025 approving settlement will be temporarily sealed.

SO ORDERED.

Dated:   August 13, 2025
         New York, New York

Ronnie Abrams
United States District Judge