# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

120 BROADWAY

13TH FLOOR

NEW YORK, NEW YORK 10271

TELEPHONE (212) 238-4800

FACSIMILE (212) 238-4848

www.lcbf.com

SHAYNA BRYTON
MEMBER
TEL: (212) 238-4800
EMAIL: sbryton@lcbf.com

One Gateway Center
22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

August 19, 2025

Consistent with the Court's referral of this matter to Judge Aaron for general pretrial matters, including settlement, the motion to seal shall be addressed to him.

SO ORDERED.

_____
Hon. Ronnie Abrams
August 21, 2025

<u>Via ECF</u>

Honorable Ronnie Abrams
United State District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re:   *Sugley Flores, proposed administratrix of the Estate of the Infant, M.F., deceased, Sugely Flores individually, Yvelise Beltre, proposed administratrix of the Estate of the Infant, I.M., deceased, Oscar Moronta, and Yvelise individually v. The City of New York, et. al.*
<u>Case No. 21-cv-5861</u>

Dear Hon. Abrams:

This firm represents Defendant National Railroad Passenger Corporation (Amtrak) in the above-referenced matter. Pursuant to Your Honor's August 13, 2025 Order directing the parties to file a letter, we write jointly with Plaintiffs to request that Plaintiffs' Motion for Approval of Settlement[1] and Your Honor's Decision be sealed or redacted as to the settlement amounts (i.e., gross settlement amount, individual distribution amounts, attorneys' fees) therein.

On July 3, 2025, Amtrak and Plaintiffs accepted Judge Stewart Aaron's mediator proposal to resolve the claims by Plaintiffs against Amtrak. Judge Aaron's proposal included two (2) material terms, one of which being that "**the terms of this settlement shall be kept confidential.**" *See* Exhibit A, Judge Aaron's 8/11/25 Email. Plaintiffs subsequently submitted to the Court via email a Motion for Approval of the Settlement, which was granted. The parties hereby request that these two documents be sealed or redacted as to the settlement amounts.

---

[1] Plaintiffs' Motion for Approval of Settlement was submitted to the Court via email, instead of electronic filing, on August 11, 2025 due to the confidential nature of the settlement.

4896-8295-3824v.1

LANDMAN CORSI BALLAINE & FORD P.C.

Honorable Ronnie Abrams

August 19, 2025
Page 2

  Although there is a common law right of public access to judicial documents, that right is not absolute. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Pursuant to Fed. R. Civ. P. 5.2(d), "the court may order that a filing be made under seal." The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. First, the court must determine whether the documents are judicial documents such that the presumption of access attaches. *See Lugosch*, 435 F.3d at 119. A "judicial document" is an "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Id*. (*quoting United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Second, once the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. *Id*. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts [*i.e.*, the public]." *Id*. (quotation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. (quotation omitted). "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id*. at 120. (quotation omitted). "Such countervailing factors include . . . 'the privacy interests of those resisting disclosure.'" *Id*. (quotation omitted).

  Here, Plaintiffs' Motion for Approval of Settlement and the Court's Decision may be considered judicial documents and useful to the judicial process. *See Id*. at 119. It is respectfully submitted that Amtrak demonstrates sufficient privacy and public policy concerns to overcome the presumption of access that attaches. Initially, in sealing or redacting a limited portion of the requested documents, there is no danger of impairing law enforcement or judicial efficiency.

  In addition, there are competing considerations that weigh against the presumption of access. Amtrak respectfully requests this Court seal or redact the settlement amounts to conform with the spirit of the confidentiality agreement. The confidentiality agreement was entered into as a material term of the agreement.

  While bargained-for confidentiality by itself does not overcome the presumption, the fact that the documents are not public also favors sealing. *C.f. Cheng v Wilson*, No. 22-CV-10706 (LTS), 2023 WL 7710966 *2 (S.D.N.Y. Oct. 2, 2023) (finding a document that has been publicly available weighs against restricting public access to it). Plaintiffs' Motion has not been publicly filed and is not accessible in the public domain; rather, it was emailed to the Court to respect the confidentiality agreement. Moreover, the terms and requirements of the agreement were reached following a private settlement conference and specifically subject to confidentiality. *See Sugar v Green Eleven Union Free School Dist.*, No. 18-CV-67 (VB), 2020 WL 2036853 (S.D.N.Y. Apr. 28, 2020).

  On July 1, 2025, the parties appeared for a settlement conference before Judge Stewart Aaron. After the parties had reached an impasse and were unable to reach an agreement, Judge

LANDMAN CORSI BALLAINE & FORD P.C.

Honorable Ronnie Abrams

August 19, 2025
Page 3

Aaron sent Amtrak and Plaintiffs a mediator's proposal, which the parties had 48 hours to accept or reject. Pursuant to Judge Aaron's proposal, "**The terms of this settlement shall be kept confidential**." *See* Exhibit A. Thus, confidentiality was a necessary condition to the settling parties' participation in the settlement, and Amtrak would not have entered into the agreement but for that condition. This, alone, satisfies good cause supporting the parties' request that Plaintiffs' Motion and Your Honor's Decision be sealed or redacted as to the settlement amounts therein. *See Kent v. The New York State Pub. Employees Fedn., AFL-CIO*, No. 17-CV-268 (GTS) (CFH), 2019 WL 457544, at *7 (NDNY Feb 5, 2019) (finding that the parties to a confidential settlement agreement proceeded with the understanding that the terms of the settlement agreement would remain confidential amounts to a showing of good cause).

Where, as here, the parties specifically contracted for confidentiality, recognizing the parties' mutual privacy interests and the desirability of avoiding publicity, courts generally enforce such agreements. This is particularly true where, as here, the underlying document seeking confidentiality is an agreement to settle a pending dispute. *See, e.g., In re September 11 Litig.*, No. 21-MC-101 (AKH), 2010 WL 637789, at *26-27 (SDNY Feb 19, 2010) ("In the absence of opposition, and notwithstanding any reluctance on my part, I defer to these considerations in favoring confidentiality. Certainly, there is an interest in respecting the desires of the settling parties.") (vacated on other grounds).

More importantly, the parties are merely requesting that Plaintiffs' Motion and Your Honor's Decision be sealed or redacted such that only the particularly sensitive information regarding the settlement amounts be shielded from public view. Courts routinely redact settlement amounts. *See Suda v. Sushiden Corp.*, No. 10-CV-692 (JGK), 2011 WL 1210206, at *1 (SDNY Mar. 23, 2011) ("the amount of the settlement payments should be redacted from the settlement agreement that is filed publicly"); *Savarese v. Cirrus Design Corp.*, No. 09-CV-1911 (JFK), 2010 WL 815027, at *1 (SDNY Mar. 9, 2010) ("the amount of the settlement should be filed under seal").

Finally, the terms of the settlement are private and have no public interest. There is no legal requirement for the settlement amount to be made public, and sealing or redacting the Motion and Decision as to the amounts therein will not harm the public interest or undermine the integrity of the estate proceedings. Furthermore, it is well established that "protecting the confidentiality of the settlement process promotes the important public policy of encouraging settlements" *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 458 (NDNY 1999). Thus, good cause exists to protect the terms of the parties' Settlement Agreement from disclosure. The interest in respecting the desires of the parties and the strong public interest in encouraging settlement outweighs the general public's mere curiosity in the non-public terms of the parties' settlement.

Thank you for your attention to this matter. Should the Court require additional information, please contact the undersigned.

4896-8295-3824v.1

**LANDMAN CORSI BALLAINE & FORD P.C.**

Honorable Ronnie Abrams

August 19, 2025
Page 4

        Respectfully,

        */s/ Shayna Bryton*

        Shayna Bryton

cc: Michael Roitman, Esq. (*via* ECF)
   Alexandra Hastings, Esq. (*via* ECF)

4896-8295-3824v.1

# EXHIBIT A

**From:** Stewart Aaron <Stewart_Aaron@nysd.uscourts.gov>
**Sent:** Tuesday, July 1, 2025 2:17 PM
**To:** shaynab26@gmail.com; Shayna Bryton <sbryan@lcbf.com>; mike@rrklawgroup.com; Shayna Bryton <sbryan@lcbf.com>
**Subject:** [EXTERNAL] Case 1:21-cv-05861-RA-SDA Flores et al v. The City Of New York , et al Settlement Conference / CONFIDENTIAL / FOR SETTLEMENT PURPOSES ONLY

**[CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]**

Counsel,

Thank you for participating in today's settlement conference. I make the following proposal to resolve the claims by Plaintiffs against Defendant National Railroad Passenger Corporation (Amtrak):

1. Amtrak shall pay ███████████████ in full and final settlement of all claims by Plaintiffs against Amtrak, inclusive of costs and attorneys' fees.

2. The terms of this settlement shall be kept confidential.

No later than 5:00 p.m. on Thursday, July 3, kindly respond to me alone by return email as to whether both Plaintiffs, on the one hand, and Amtrak, on the other, accept my proposal. Only if your client(s) respond in the affirmative will you be entitled to know the other side's response.

For the avoidance of doubt, both Plaintiffs together must accept the proposal in order for Amtrak to agree to the proposal.

Plaintiffs' claims against the City of New York shall continue.

1

Regards,



**Stewart D. Aaron**
**United States Magistrate Judge**
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007
Email: Stewart_Aaron@nysd.uscourts.gov
Chambers: 212-805-0274

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Tuesday, July 1, 2025 12:15 PM
**To:** NYSD CourtMail <courtmail@nysd.uscourts.gov>
**Subject:** Activity in Case 1:21-cv-05861-RA-SDA Flores et al v. The City Of New York , et al Settlement Conference

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 7/1/2025 at 12:15 PM EDT and filed on 7/1/2025
**Case Name:**      Flores et al v. The City Of New York , et al
**Case Number:**    1:21-cv-05861-RA-SDA
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Magistrate Judge Stewart D. Aaron: Settlement Conference held on 7/1/2025. (kl)**


**1:21-cv-05861-RA-SDA Notice has been electronically mailed to:**

Sophia Ree    sree@lcbf.com

Shayna Bryton    shaynab26@gmail.com, sbryan@lcbf.com

Julee Kelly    jukelly@law.nyc.gov

Michael Roitman    mike@rrklawgroup.com

Alexandra Hastings    ahasting@law.nyc.gov

**1:21-cv-05861-RA-SDA Notice has been delivered by other means to:**